## Frank H. Davis v. Mable Smith.

### Gen. No. 4,735.

1. FINDING OF COURT—*when not disturbed.* A finding of the court will not be set aside in the absence of a clear preponderance against such finding, where the evidence offered was conflicting and irreconcilable.

Assumpsit. Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

WILSON & FAULL, for appellant.

ANDERSON & ANDREWS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action in *assumpsit* with an attachment in aid, commenced by appellee against appellant and one Winthrop V. Eddy, in the Circuit Court of Henry county. The attachment was levied on real estate belonging to appellant; Eddy, being a bankrupt, was not served.

The declaration contained a special and the common counts. Appellant filed the general issue but did not traverse the affidavit of attachment. There was a trial before a jury resulting in a verdict for appellee for $1,112.72 and a further finding that appellant was, at the date of the commencement of the suit, a non-resident of the state. A motion for a new trial was made, a *remittitur* of $3.25 entered, the motion for a new trial overruled, judgment entered on the verdict for $1,109.47 and costs, and an order entered that a special execution issue therefor on the property attached, and this appeal to review the proceedings.

Appellee claims that on the 24th day of May, 1902, she loaned appellant and one Winthrop V. Eddy the sum of $1,000, which she claims was to bear interest at seven per cent. for the period of one year, and they

placed with her as security therefor a certificate for ten shares of the capital stock of the Kewanee Mining & Manufacturing Company. She sues to recover the amount of said loan and interest. Appellant contends that the transaction was with the company, and that it was a sale of the stock and not a loan.

It appears from the evidence that prior to the date of the transaction here involved, appellant and one Winthrop V. Eddy were engaged as partners in the manufacture of brick and ice and in mining coal, and that they had organized their business into a stock company known as the Kewanee Mining & Manufacturing Company, of which Eddy was president and appellant treasurer and manager. The day before the transaction between the parties, appellant and one Fred R. Smith, an employe of the company and husband of appellee, had a conversation relative to where appellant and Eddy or the coal company could obtain $1,000. Smith testified that appellant inquired of him where he could borrow $1,000. Appellant denied such conversation and stated that Smith was looking for a place where his wife might make an investment. On the day following appellee went to the office of the company, and there met her husband, Mr. Eddy and appellant, and signed a check for $1,000 and received from appellant and Eddy a certificate for ten shares of the capital stock of the Kewanee Mining & Manufacturing Company, and a writing signed by W. V. Eddy and Frank H. Davis, reading as follows:

"KEWANEE, ILLINOIS, May 23, 1902.

We hereby agree to purchase certificate No. 109, representing ten (10) shares of the preferred stock of the Kewanee Mining & Manufacturing Company for the sum of $1000, One Thousand Dollars, provided the same is tendered to us in writing on or before May 1, 1903. Payment for same to be made on or before June 1, 1903.

W. V. EDDY,
FRANK H. DAVIS."

Davis v. Smith.

Appellee testified that at that meeting appellant asked her if she had come to "make out the money" for them, to which she replied that she had; and that appellant said they wanted the money for one year, and that Eddy filled out the check payable to the company, which she signed; and that appellant then handed her the stock certificate with the written agreement, saying that the papers were the same as the note, and that she replied that she would want the money at the end of a year to build a home. She also testified that appellant said, "When this money is due bring this out and you will get your money."

Smith, her husband, testified on his re-examination: "Just before we stepped to go out of the office door, my wife said, 'I want this money in a year's time because it is to build our home,' and Mr. Davis said, 'That is all right, Mrs. Smith.' " He further testified: "They said it was the same thing as a note; we could take it to the bank and cash it if we wanted to" (referring to Davis and Eddy). Smith corroborated Mrs. Smith in her testimony; and added that when the money became due, he took the envelope out to the office and met Eddy who said Davis was out of the state and would be back in January, when it would be fixed up.

Both Eddy and Davis denied that the conversation related by Mrs. Smith and testified to by Mr. Smith ever took place in their office, but testified to another conversation which they claim occurred and in which Mrs. Smith is made to say that she had come to the office for her stock; and appellant testified, "I sold the stock as an officer of the company; was selling the stock regularly to different persons, but gave them no agreement;" and also testified that appellee was the only person who received an agreement signed by himself and Eddy. Eddy testified corroborating appellant, and both insisted that it was a square sale of the stock, with an agreement to repurchase as a kind of guarantee of good faith.

The stock certificate received by appellee bore date the day of the transaction and limited the dividend that she would draw thereon to its earnings after May 24, 1902. On the first day of July following she received in the neighborhood of $7, which would equal the amount of interest on $1,000 for that period. Appellee insists that it was interest, and appellant that it was dividends, but does not explain why appellee did not draw dividends for the entire dividend period, instead of from the date of the transaction. Dividends were paid semi-annually, January first and July first.

There was evidence of a number of witnesses introduced by appellee tending to impeach the credibility of appellant and Eddy; and also evidence of a number of witnesses introduced in support of their credibility.

Whether the transaction between appellee, appellant and Eddy was a loan of $1,000 or the *bona fide* sale of that amount of the capital stock of the company, was a question of fact for the jury, and by their verdict in favor of appellee they found it to be a loan. True, the evidence is conflicting, and some portions seem irreconcilable. The judge who tried the case was satisfied with and acted upon the verdict. A careful consideration of all the evidence does not show that the verdict is against the evidence.

Appellant complains of some of the rulings of the trial court respecting the admission and exclusion of evidence, first urging that Smith was asked on cross-examination to whom the check given was payable, and insists that an objection was sustained to the question, which is not the fact. The objection was overruled and the question answered. There would have been no error in the ruling of the court had the objection been sustained, for the reason that the question was not proper, the check itself being the best evidence of its contents, and there was no foundation laid for the introduction of secondary evidence thereof. The question was answered by appellee, who testified that the check was made payable to the company.

Some of the questions to which objections were sustained, complained of by appellant, called for conclusions on the part of the witness instead of a detail of facts, and the objections thereto, in our opinion, were properly sustained. ·The facts underlying the conclusions sought to be brought out by the questions had been detailed to the jury and it was their province to draw the conclusions therefrom.

Finding no reversible error in this record the judgment of the trial court is affirmed.

*Affirmed.*